# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GARCIA,<br>    Plaintiff,<br><br>            v.<br><br>FCA US, LLC, et al.,<br>    Defendants. | CV 20-2761 DSF (RAOx)<br><br>Order REMANDING Case to State Court |

   This case was removed on the basis of diversity. It is undisputed that one of the Defendants, Chrysler Dodge Jeep Ram of Alhambra ("Alhambra"), is not diverse from Plaintiff. Removing Defendant FCA US, LLC argues that Alhambra is fraudulently joined.

   A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must

consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

Defendant argues that Alhambra is fraudulently joined because "the economic loss rule bars the alleged negligent repair claim" and "[t]he negligent repair clam is non-justiciable and Plaintiff has not alleged a cognizable harm of damages."[1] These conclusory statements do not convince the Court that Plaintiff fails to state a claim, let alone that such failure is obvious and could not be cured through amendment.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: March 31, 2020

Dale S. Fischer
United States District Judge

---

[1] The notice of removal also includes a statute of limitations argument, but it is unclear whether it is intended to apply to the claim against Alhambra. In any event, Defendant makes no attempt to demonstrate that Plaintiff's claim against Alhambra is obviously barred by the statute of limitations.